UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES TERRYLL WHITLEY,

    Petitioner,                                                          Case No. 09-14339

v.                                                                   HON. AVERN COHN

C ZYCH,

    Respondent.
                                           /

## MEMORANDUM AND ORDER
## DENYING PETITION FOR WRIT OF HABEAS CORPUS[1]

### I. Introduction

This is a habeas case under 28 U.S.C. § 2241. James Terryll Whitley, ("Petitioner"), presently confined at the Federal Correctional Institution in Milan, Michigan, challenges the Bureau of Prison's calculation of his sentence following numerous parole violations. For the reasons that follow, the petition will be denied.

### II. Background

#### A.

On August 19, 1976, Petitioner was sentenced to a 35-year term of

---

[1] In addition to the petition, Petitioner filed a Motion for Expedited Proceedings (Doc. No. 2), a Motion for Consolidation of the Petition and Motion for Expedited Proceedings (Doc. No. 3), and a Motion to Amend and Supplement Pleadings (Doc. No. 6). Given the Court's ruling, the motion for expedited proceedings is DENIED AS MOOT. In the Motion for Consolidation, Petitioner asks that a Rule 60(b)(4) motion he says he filed "into this Court" on August 13, 2009 be "consolidated" with the petition. There is, however, no record of a Rule 60(b)(4) motion being filed. As such, there is nothing to consolidate. Thus, the motion is DENIED. In the Motion to Amend and Supplement, Petitioner presents additional arguments in support of his petition. The motion is GRANTED. The Court has considered these arguments in ruling on the petition.

imprisonment after being convicted of armed bank robbery, in violation of 18 U.S.C. § 2113(d), and attempted armed bank robbery, in violation of 18 U.S.C. 2113(d). The Bureau of Prisons has calculated Petitioner's projected release date as January 11, 2011 with a full term date of December 2, 2013 and a 180 day date of June 5, 2013.

B.

Due to the complexity of Petitioner's sentence computation (which changed eight times based upon multiple releases on parole and multiple parole violations), the government, in its response to the petition, attached a summary of his sentence computation in the form of the Declaration of Kinda Flagg, Management Analyst at the Bureau of Prisons' Designation & Sentence Computation Center. Flagg's Declaration is attached as Exhibit A.[2]

Relative to the petition, on May 8, 2009, Petitioner filed a request for administrative remedy with the warden asking for clarification on his sentence computation. The Warden responded that sentence computations are no longer completed at the institutional level and Petitioner was given the address of the Designation and Sentence Computation Center. On June 7, 2009, Petitioner appealed to the North Central Regional Office and simply asked the question: "who added 39 months to my sentence, and why?" The regional director responded that Petitioner's full term date had not changed and that Petitioner's Notice of Action dated February 20, 2009 stated that all of the time Petitioner spent on parole shall be credited and

---

[2]Flagg's Declaration refers to supporting documents which were not attached to the Declaration. Although the government has offered to file the supporting documents, the Court does not deem it necessary.

Petitioner was continued to a presumptive re-parole date of January 11, 2011 after service of 28 months.

On August 8, 2009, Petitioner appealed to the Central Office for Inmate Appeals. On September 28, 2009, the Central Office notified Petitioner that additional time (until October 16, 2009) was needed to respond to his appeal.

Petitioner alleges that he did not receive a response to his appeal. He filed this petition on November 4, 2009.

A response was filed by the Administrator of National Inmate Appeals on November 18, 2009. In his response, the administrator stated:

> A review of our records reveals the Bureau of Prisons released you via parole on numerous occasions. The Bureau of Prisons computes violation terms based on the information provided in the Notice of Actions (NOA) issued by the United States Parole Commission (USPC). The USPC may grant full credit, partial credit or no credit for time an offender has spent on parole. Your current NOA revokes your parole, grants credit for all time spent on parole and continues to a presumptive re-parole date of January 11, 2011, after service of 28 months. You have 1,908 days remaining to serve on your sentence and your EFTD on December 2, 2013, is correct.
> \*\*\*
> Your sentence has been computed as directed by federal statute and Program Law Statement 5880.30, Sentence Computation Manual/Old Law/Pre-CCCA of 1984.

### III. Analysis

#### A.

Petitioner seeks habeas relief on the ground that the Bureau of Prisons wrongfully extended his original sentence expiration full term date from August 12, 2010 to November 28, 2013 and his 180 day date from February 13, 2010 to June 1, 2013. He says that 39 months should not have been added to his sentence and that his expiration full term and 180 day dates should have remained the same from his first

sentence computation in 1985 to his latest computation in 2009. He asks the Bureau of Prisons to correct this 39 month error.

B.

Computation of a federal sentence is the responsibility of the Attorney General of the United States, who exercises that power through the Bureau of Prisons. See United States v. Wilson, 503 U.S. 329, 331 (1992).

A federal district court may grant a prisoner claiming the miscalculation of sentencing credits relief under § 2241. McClain v. Bureau of Prisons, 9 F. 3d 503, 505 (6th Cir. 1993). A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. Capaldi v. Pontesso, 135 F. 3d 1122, 1123 (6th Cir. 1998); Perez v. Hemingway, 157 F. Supp. 2d 790, 793 (E.D. Mich. 2001).

C.

Petitioner says that the Bureau of Prisoner has miscalculated his sentence by essentially adding 39 months. Petitioner is wrong. As the government explains:

> [Petitioner] has had numerous parole violations since first being released on parole in 1985. As explained in [Flagg's Declaration], all of these actions had an effect on petitioner's release date. As a result of petitioner's numerous parole violations, petitioner's sentence computation has changed eight times. Each parole violation term was calculated as a "new term," based on the number of days remaining to be served at the time of release on parole subtracting or adding street time awarded or not awarded to the next computation, and commencing the date the respective warrant was executed. Therefore, petitioner's expiration full term date, 180 day date and days remaining are adjusted for inoperative time for escape and time spent on the street that the Parole Commission did or did not award as credit toward his violation terms. Based on the Bureau of Prisons' calculation, petitioner is currently scheduled to be released from custody on January 11, 2011 with an expiration full term date of December 2, 2013 and a 180 day date of June 5, 2013.

Put simply, there has been no error in the calculation of Petitioner's sentence. Moreover, to the extent Petitioner claims that the Bureau of Prisons has not explained the additional 39 months, he is mistaken. Petitioner violated parole at least seven times and escaped from custody twice. Each time his parole was revoked or otherwise altered, Petitioner received an explanation in the form of a Notice of Action.

## IV. Conclusion

For the reasons stated above, the petition is DENIED. This case is DISMISSED.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: July 12, 2010


I hereby certify that a copy of the foregoing document was mailed to James Whitley, 32486138, Milan, Federal Correctional Institution, Inmate Mail/Parcels, P.O. BOX 1000 Milan, MI 48160 and the attorneys of record on this date, July 12, 2010, by electronic and/or ordinary mail.

    S/Julie Owens
Case Manager, (313) 234-5160